Jasen, J.
(dissenting). I would reverse the order of the Appellate Division and reinstate the determination of the State Liquor Authority.
From the evidence before this court, and considering the nature and gravity of the violations committed and conceded by petitioner’s "no contest” plea, there was more than a reasonable basis for the penalty imposed herein. Pursuant to sections 118 and 119 of the Alcoholic Beverage Control Law, the Authority instituted a proceeding to revoke petitioner’s license upon the following charges:
"1. That the licensee has failed to keep and maintain on the licensed premises adequate and accurate books and records of the business conducted on the licensed premises as required by Section 106, subd 12 of the Alcoholic Beverage Control Law.
"2. That the licensee violated Section 99-d, subd 2 in that it *192 effected a corporate change without having first duly obtained the permission of the Authority.”
In addition thereto, the Authority instituted a proceeding of nonrenewal of petitioner’s license upon the following specifications: "The authority is not satisfied that Pasquale Margigno, sole principal of record of [the] licensee corporation, is the sole and true party in interest in the licensed premises.”
At the hearing of the charges, petitioner pleaded "no contest” to all charges in the revocation proceeding and specifications in the nonrenewal proceeding. Subsequently, the Authority adopted the findings of the hearing officer in the revocation matter and determined the appropriate penalty to be cancellation of the license with a demand made against the bond in the sum of $250; and in the nonrenewal matter, determined that the proper penalty was not to renew the license.
The petitioner, in permitting an unauthorized person to avail himself of the license herein and concealing material facts from the Authority, was guilty of violations of the most serious nature. These violations strike at the very heart of the State’s control and supervision of the trafficking of alcoholic beverages. The Legislature regarded such conduct so disruptive of the orderly regulation of the alcoholic beverage industry as to authorize the penalty of revocation. (Alcoholic Beverage Control Law, §§ 110, 111, 114, subds 2, 6; § 118.) In order to carry out the intent of the Legislature with respect to the use of a license, it is understandable that strict accountability of each license is necessary.
Accountability is impossible where availing is tolerated, proper records are not kept, and through deceit and deception the identity of an interested party is concealed. If unchecked, such conduct would render illusory regulation of the manufacture, sale and distribution of alcoholic beverages within the State in derogation of fundamental public policy. While revocation of the petitioner’s license, a much more serious penalty, may have been warranted in the circumstances here revealed, cancellation certainly was not an abuse of discretion and should not be disturbed. (Matter of Pell v Board of Educ., 34 NY2d 222, 232.)
Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur with Chief Judge Breitel; Judge Jasen dissents and votes to reverse in a separate opinion.
*193 Judgment affirmed.